1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8          FOR THE EASTERN DISTRICT OF CALIFORNIA

9   ASHMINDAR JEET SINGH,

10          Petitioner,                    No. CIV S-09-1453 GGH P

11      vs.

12   MICHAEL MARTEL, Warden,

13          Respondent.            <u>ORDER</u>

14   _____/

15          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

17   pauperis.  By filing dated June 2, 2009, petitioner consented to the jurisdiction of the

18   undersigned.  <u>See</u> docket # 5.  Respondent has not been served and respondent has made no

19   appearance.

20          Examination of the in forma pauperis application reveals that petitioner is unable

21   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

22   granted.  <u>See</u> 28 U.S.C. § 1915(a).

23          Petitioner raises fifteen grounds in his petition, only two of which, claims 14 and

24   15 - - - separate ineffective assistance of counsel claims[1] - - - are apparently unexhausted, and

25   _____

26          [1] One IAC claim as to appellate counsel and one IAC claim as to trial counsel.  <u>See</u> Petition, pp. 71-85 (by the court's electronic pagination).

1

1    which petitioner is currently proceeding to exhaust in the state courts.  Along with the petition,

2    petitioner filed a motion to stay the petition pending exhaustion of the two unexhausted claims.

3              District courts have the authority to stay a mixed habeas petition and hold it in

4    abeyance pending the exhaustion of the unexhausted claims.  Rhines v. Weber, 544 U.S. 269,

5    278 (2005).  The discretion is not unfettered, but, as the Supreme Court has stated, "it likely

6    would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition

7    if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially

8    meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

9    litigation tactics."  Additionally, the Supreme Court has recommended that "[a] prisoner seeking

10   state postconviction relief might avoid [having a court find the petition time-barred] by filing a

11   'protective' petition in federal court and asking the federal court to stay and abey the federal

12   habeas proceedings until state remedies are exhausted."  Pace v. DiGuglielmo, 544 U.S. 408, 416

13   (2005)(citing Rhines, 544 U.S. at 276).

14             In the instant case, petitioner has filed a protective petition.  Because petitioner's

15   unexhausted claims do not appear to be unmeritorious and there is no indication that petitioner

16   has engaged in intentionally dilatory tactics, the court will grant the motion to stay.

17             In accordance with the above, IT IS HEREBY ORDERED that

18             1.  Petitioner's June 1, 2009 (docket # 4) application to proceed in forma pauperis

19   is granted;

20             2.  Petitioner's May 27, 2009 (docket # 2), motion for a stay pending exhaustion

21   of petitioner's two claims of ineffective assistance of counsel, claims 14 and 15, is granted and

22   this action is administratively stayed pending petitioner's exhaustion of these claims; and

23   \\\\\

24   \\\\\

25   \\\\\

26   \\\\\

1        3.  Petitioner must advise the court within thirty days of completion of exhaustion.

2    DATED: July 14, 2009            /s/ Gregory G. Hollows

3                             GREGORY G. HOLLOWS
     UNITED STATES MAGISTRATE JUDGE

4    GGH:009/sing1453.sta

3